UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-486-FDW

| THOMAS MOORE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ALVIN W. KELLER, JR., et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), following the transfer of this matter from the Eastern District of North Carolina on August 27, 2013. (Doc. No. 8).

Plaintiff, a state court inmate currently incarcerated at Hyde Correctional Institution, filed this action in the Eastern District of North Carolina on December 31, 2012, naming as Defendants Alvin W. Keller, Jr., the former Secretary of the North Carolina Department of Public Safety ("DPS"); Robert C. Lewis, the former DPS Director of Prisons; Hyde Superintendent Michael A. Hardee; Hyde Captain Joyce Petterson; and Hyde Assistant Superintendent Ricky Matthews. The Eastern District of North Carolina described Plaintiff's allegations as follows:

> The allegations of Moore's complaint arose at Lanesboro ("Lanesboro") and Piedmont ("Piedmont") Correctional Institutions, where it appears that he was temporarily housed as a result of an emergency hurricane evacuation. Moore alleges that at Lanesboro, he was subjected to unsanitary and overcrowded conditions and contracted athlete's foot. Moore alleges he suffered "the same cruel and unusual punishment at . . . Piedmont." Moore also was "forced to leave all his personal properties and personal hygienes" at Hyde as a result of the emergency evacuation. Moore contends that the entire experience could have

1

been avoided "because 1) The Defendants was given notice well in advance by the 'local and national weather services' to evacuate all inmates from Hyde . . . , but the Defendants waited until the last minute[, and] . . . . 2) The Defendants . . . could have released" inmates nearing the expiration of their sentences "six (6) months' prior to hurricane season to ease the overcrowded conditions and prepare for the hurricane season and emergency evacuation."

(Doc. No. 7 at 2).

On August 27, 2013, the Eastern District of North Carolina entered an Order dismissing "as frivolous plaintiff's claim concerning deprivation of property, along with all named Defendants." (Id. at 6). The Court also dismissed without prejudice "any claim arising at Piedmont in order to allow Moore to refile his claim in the proper district." (Id.). Although the Eastern District of North Carolina dismissed all named Defendants from this action, the court nevertheless transferred to this Court "plaintiff's claim arising at Lanesboro Correctional Institution to the United States District Court for the Western District of North Carolina where venue is proper." (Id.).

Because the Eastern District of North Carolina has dismissed all named Defendants in this matter, the Court will, therefore, dismiss this action in its entirety. The dismissal will be without prejudice as to Plaintiff's claims in the Complaint that allegedly arose at Lanesboro Correctional Institution.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

Signed: November 6, 2013

Frank D. Whitney
Chief United States District Judge